UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| | : | |
| | : | |
| IN RE: | : | |
| GREEN OAK ENTERPRISES, LLC., | : | CHAPTER 11 |
| Debtor. | : | CASE NO.. 12-58823-crm |
| | : | |
| | : | JUDGE MULLINS |

### DEBTOR'S FIRST AMENDED PLAN OF REORGANIZATION

This First Amended Plan of Reorganization (the "Plan") is filed in accordance with Sections 1121, 1122, 1123, and 1124 of the Bankruptcy Code, 11 U.S. C. §§101 et seq. and supercedes the Debtor's Plan of Reorganization previously filed in this Case [Doc. No.127].

### I  SUMMARY

This Plan under Chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of GREEN OAK ENTERPRISES, LLC. (the "Debtor") from current and future income generated from rental properties owned by the Debtor.

This Plan does not provide the same treatment for all creditors, and for this reason there are multiple classes of creditors.  Each claim within a class will be treated the same.  Creditors whose claims are secured by real property will be paid the full value of the collateral or the full value of the claim; whichever is less.  The amounts owing to secured creditors will include principal and interest payments, amortized over periods of time varying from as little as 15 years to as long as 30 years.  Secured claimants whose claims exceed the value of the collateral are undersecured, and their claims will be bifurcated and treated as two separate claims: the first

being the secured portion, and the second being any remaining balance, which will be treated as a general unsecured claim.

Administrative claims will all be paid in full, either on the Effective Date or pursuant to such payment treatments as agreed upon with a particular claimant. General unsecured creditors will be paid pro-rata in quarterly distributions from a fund of $75,000.00 beginning after the payment in full of Administrative Claims, which is estimated at not being later than the seventh quarter after the Effective Date[1], until the fund is completely disbursed.

## II. CLASSIFICATION OF CLAIMS AND INTERESTS

2.1    Administrative Claims entitled to priority under Code §507(2). This Class is *unimpaired*.

2.2    Priority tax claims under Code §507(8).  This Class is *unimpaired*.

2.3    Claim of  American Home Mortgage Servicing, Inc.(Claim No. 2) secured by real property located at 655 East Campus Road Unit#21 Athens, Georgia 30605  This Class is *impaired*.[2]

2.4    Claim of Nationstar Mortgage, LLC as transferee of Ocwen Loan Servicing, LLC [Doc. No. 110] secured by the real property located at 1219 Renee Drive, SW Lilburn, Georgia 30047.(Claim No. 3) This Class is *impaired*.

2.5    Claim of Nationstar Mortgage, LLC as transferee of Ocwen Loan Servicing, LLC [Doc. No. 117] secured by the real property located at 2630 West Regal Court, Lawrenceville, Georgia 30044 (Claim No. 4). This Class is *impaired*.

2.6    Claim of  Nationstar Mortgage, LLC as transferee of Ocwen Loan Servicing, LLC [Doc. No. 115] secured by the real property located at 2641 Abington Drive, Snellville, Georgia 30078 (Claim No. 5). This Class is *impaired*.

2.7    Claim of Nationstar Mortgage, LLC as transferee of Ocwen Loan Servicing, LLC [Doc. No. 107] secured by real property located at 2458 Red Oak Bend, Oxford, Georgia 30054 (Claim No. 6). This Class is *impaired*.

---

[1] "Effective Date" is defined in paragraph 1.17 of **Exhibit A Definitions.**

[2]The terms "impaired" and "unimpaired" are defined in paragraph 1.21 of **Exhibit A**.

2.8    Claim of Nationstar Mortgage, LLC as transferee of Ocwen Loan Servicing, LLC [Doc. No. 108] secured by real property located at 4725 Rock Springs Ct., Loganville, Georgia 30052 (Claim No.7). This Class is *impaired*.

2.9    Claim of  Nationstar Mortgage, LLC as transferee of Ocwen Loan Servicing, LLC.[Doc. No. 109] secured by real property located at 1230 Castle Pointe Lane, Grayson, Georgia 30017 (Claim No. 8). This Class is *impaired*.

2..10    Claim of JP Morgan Chase Bank N.A (No Claim Filed) secured by real property located at 1230 Castle Pointe Lane, Grayson, Georgia 30017(second mortgage). This Class is *impaired*.

2.11    Claim of Nationstar Mortgage, LLC as transferee of Ocwen Loan Servicing. LLC [Doc. No. 103] secured by real property located at 5220 Green Oak Court, Sandy Springs, Georgia (Claim No. 9). This Class is *impaired*.

2.12    Claim of JP Morgan Chase Bank (Claim No. 10) secured by real property located at 413 Farm Street Loganville, Georgia 30052. This Class is *impaired*.

2.13    Claim of Ocwen Loan Servicing, LLC (No Claim Filed) secured by real property located at 211 Windsong Circle, Social Circle, Georgia 30025. This Class is *impaired*.

2.14    Claims of General Unsecured Creditors.  This Class is *Impaired*.

2.15    Claim of the Equity Interest and Shareholder. This Class is **Impaired**.

## ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE AND PRIORITY CLAIMS

Under §1123(a)(1) of the Bankruptcy Code, 11 U.S.C.§§101 *et seq*., administrative expense claims are not in classes and accordingly, are considered unclassified claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.  This includes any U.S. Trustee fees owed on or before the Effective Date of the Plan.  Any creditor or party-in-interest who may have a claim for an administrative expense pursuant to Section 503 of the Bankruptcy Code shall file an application with the Court within thirty (30) days from the Effective Date (See, Article VIII, Paragraph E(2)).  No Priority Tax Claims have been filed in this Case therefore there will be no payments to priority tax claimants

**ARTICLE IV**

**TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN**

*(See EXHIBIT B attached hereto re: Plan Payments & Terms )*

4.1    **Class 1:  Claim of American Home Mortgage Servicing, Inc.(Claim No. 2) secured by real property located at 655 East Campus Road Unit#21, Athens, Georgia 30605** *will be paid the full amount of its allowed secured* claim *($50,000.00) with interest at the rate of 5.0%per annum amortized over a period of ten (10) years, in monthly installments of principal and interest of $530.33*.  The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date. Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released.  The $24,307.93 portion of Claim No. 2 above will be reclassified as a general unsecured claim in Class 12. The Debtor will pay all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance. The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*

4.2    **Class 2:  Claim of Nationstar Mortgage, LLC (hereinafter "Nationstar")(Claim No. 3) secured by real property located at 1219 Renee Drive SW, Lilburn, Georgia 30047** *will be paid the full amount of  its allowed secured claim ($66,469.85) plus post petition arrearage with interest at the rate of 5.0% per annum amortized over a period of fifteen years, in monthly installments of principal and interest of $525.64*.  The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date.  Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released.  The Debtor will pay all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance. The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*.

4.3    **Class 3: Claim of Nationstar (Claim No. 4) secured by real property located at 2630 West Regal Court Lawrenceville, Georgia 30044** *will be surrendered to the Claimant, who may proceed to exercise its contractual rights to foreclosure on said Property.* Pursuant to the <u>Consent Order on Debtors Motion to Determine Value of Property and Secured Status of Claim of November 14, 2012 [Doc. No. 57]</u> the Claimant has an *allowed secured claim of $73,000 and an allowed unsecured claim of* $35,773.96.  Upon

-4-

the surrender of the Property, the secured claim will be extinguished.  The $35,773.96 portion of Claim No. 4 beyond the allowed secured claim above will be re-classified as a general unsecured claim in Class 12.    This Class is *impaired*.

4.4  **Class 4:  Claim of Nationstar (Claim No. 5) secured by real property located at 2641 Abington Drive, Snellville, Georgia 30078** *will be paid the full amount of its allowed secured claim ($72,000.00) with interest at the rate of 5.5% per annum amortized over a period of thirty (30) years, in monthly installments of principal and interest of $408.81*.  The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date. Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released.  The $40,546.53 portion of Claim No. 5 beyond the allowed secured claim will be reclassified as a general unsecured claim in Class 12. The Debtor will pay all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance.  The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*.

4.5  **Class 5:  Claim of Nationstar (Claim No. 6) secured by real property located at 2458 Red Oak Bend, Oxford, Georgia 30054** *will be paid the full amount of its allowed secured claim ($70,585.62) with interest at the rate of 5% per annum amortized over a period of 15 years, in monthly installments of principal and interest of $558.19.*  The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date. Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released. The Debtor will pay all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance. The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*.

4.6  **Class 6:  Claim of Nationstar (Amended Claim No. 7) secured by real property located at 4725 Rock Springs Ct., Loganville, Georgia 30052** *will be paid the full amount of its allowed secured claim ($56,800.09) plus post petition interest arrearage with interest at the rate of 5% per annum amortized over a period of fifteen(15) years, in monthly installments of principal and interest of $449.17.*  The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date.  Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released.  The Debtor will pay

all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance.  The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*.

4.7     **Class 7:  Claim of Nationstar (Claim No. 9) secured by real property located at 5220 Green Oak Court Sandy Springs, Georgia *will be paid the full amount of its allowed secured claim ($137,878.30) with interest at the rate of 5.25% per annum amortized over a period of 30 years, in monthly installments of principal and interest of $761.37.*** The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date. Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released.  The Debtor will pay all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance**.** The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*.

4.8     **Class 8: Claim of JP Morgan Chase Bank (Amended Claim No. 10) secured by real property located at 413 Farm Street Loganville, Georgia 30052 *will be paid the full amount of its allowed secured claim ($65,000.00) with interest at the rate of 5.25% per annum amortized over a period of fifteen (15) years, in monthly installments of principal and interest of $522.52.*** The balance of the Claimant's amended secured claim shall be classified as an allowed unsecured claim in Class 12**.** The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date. Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released.  The Debtor will pay all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance.  The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*.

4.9     **Class 9:  Claim of Ocwen Loan Servicing, LLC (No Claim Filed) secured by real property located at 211 Windsong Circle, Social Circle, Georgia 30025 *will be paid the* full *amount of its allowed secured claim ($62,000.00) with interest at the rate of 5% per annum amortized over a period of fifteen (15) years, in monthly installments of principal and interest of $490.29.*** The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date.  Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights

-6-

to this property as satisfied and released.  The Debtor will pay all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance. The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*.

4.10    **Class 10:  Claim of Nationstar (Claim No. 8) secured by real property located at 1230 Castle Pointe Lane, Grayson, Georgia 30017**.  *The Claimant will be paid the full amount of its allowed  secured claim ($125,044.89) with interest at the rate of 5% per annum amortized over a period of fifteen (15) years, in monthly installments of principal and interest of $988.85.*  As this claim is fully secured, the Claimant shall have 30 days after the Effective Date to file an administrative claim for post petition interest which claim, if not subject to objection, shall be paid in 60 days from the Effective Date. The Claimant will retain its lien on said property, but only to the extent of the allowed secured claim, to the same validity and priority that existed on the Petition Date.  Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released.  The Debtor will pay all taxes on this property and will maintain insurance on the property designating the Claimant as an additional loss-payee on such policy of insurance. The Debtor may sign a Note with this Claimant setting forth these additional terms, should the Claimant so request.  This Class is *impaired*.

4.11    **Class 11: Home Equity Line of Credit with J.P. Morgan Chase  (No Claim Filed) secured by real property located at 1230 Castle Pointe Lane, Grayson, Georgia 30017.**  *The Claimant will be paid in full at the contractual rate over the terms of the note now in effect, or as hereafter modified.*   The Claimant will retain its lien on collateral to the same extent, validity and priority as existed on the Petition Date. Upon receipt of the final monthly installment, the Claimant will mark the security deed and other instruments in the public record asserting lien rights to this property as satisfied and released.  This Class is *impaired*.

4.12    **Class 12:  Claims of general unsecured claims** will be paid pro-rata from a fund of Seventy-five Thousand Dollars ($75,000.00) with quarterly disbursements of not less than $5,000.00 to be disbursed pro-rata among claimants beginning immediately after payment in full of Administrative Claims, which is estimated at being no later than the seventh quarter after the Effective Date, and continuing quarterly thereafter until the sum of $75,0000.00 has been disbursed to claimants.  This Class is *impaired*.

4.13     **Class 13**: **Claim of the Equity Interest and Shareholder** will receive nothing under this Plan, but will retain its interest by providing new value prior to the Effective Date in the amount of $20,000.00 to pay administrative claims.  This new value is intended to contribute in a meaningful way to the reorganization of Green Oak Enterprises, LLC. This Class is *impaired*.

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The Debtor has the power and authority to settle and compromise a disputed claim with Court approval and in compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

THE AMOUNT OF ANY CLAIM SPECIFICALLY DESCRIBED IN THIS PLAN IS SUBJECT TO DISPUTE OR AMENDMENT WHICH COULD CHANGE THE ACTUAL AMOUNT TO BE PAID UNDER THE PLAN. IN THE EVENT OF A SUBSEQUENT CHANGE IN THE AMOUNT OF YOUR CLAIM, YOU WILL BE PAID THE SAME PERCENTAGE OVER THE SAME TERM WITH THE SAME RATE OF INTEREST AS PROVIDED HEREIN.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor is the owner on various rental properties and is the lessor of real property leases on such properties.  The Debtor will assume all such leases, unless expressly rejected elsewhere in the Plan.  Any other leases, other than those on which the Debtor is lessor, shall be rejected upon confirmation of the Plan.

## ARTICLE VII

## DEFAULT

In the event the Debtor fails to perform any of its obligations under this Plan, the Debtor shall be in Default.  If the Debtor defaults under the provisions of the Plan, any creditor or party-in-interest desiring to assert such a default shall provide the Debtor with written notice of the alleged default.  The Debtor shall have 30 days from the receipt of the written notice in which to cure the default.  Such notice shall be delivered by certified mail, return receipt requested, to the Debtor at 1230 Castle Pointe Lane, Grayson, Georgia 30017 with a copy to the Debtor's attorneys at the address stated on the final page hereof.  IF THE DEFAULT IS NOT CURED, ANY CREDITOR OR PARTY-IN-INTEREST MAY EXERCISE ANY AND ALL AVAILABLE LEGAL REMEDIES TO COLLECT THE ACCELERATED BALANCE OF THEIR PAYMENTS DUE UNDER THE PLAN.

## ARTICLE VIII

## GENERAL PROVISIONS

### A. Definitions and Rules of Construction.

The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. These definitions are supplemented by the definitions listed in the DEFINITIONS attached to as **Exhibit A.**

### B . Severability. If any provision in this Plan is determined to be unenforceable, the

determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### C. Binding Effect.   The rights and obligations of any entity named or referred to in this

Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

### D. Captions.  The headings contained in this Plan are for convenience of reference only

and do not affect the meaning or interpretation of this Plan.

### E. Bar Dates for Claims

(1)  Pre-petition claims: The Court set May 25, 2012 as the Bar Date for creditors to file proofs of claim or interest for pre-petition claims [Doc. No 12].  Any timely filed claims may be amended, but only until thirty (30) days after the Effective Date of the Plan unless otherwise ordered by the court.

(2)  Administrative Expenses:  Upon confirmation of this Plan, **any creditor or party-in-interest who may have a claim for an administrative expense pursuant to Section 503 of the Bankruptcy Code shall file an application with the court within thirty (30) days from the Effective Date** to determine whether such administrative expense shall be allowed in this case. Any creditor or party-in-interest who fails to timely apply to the court for allowance of an administrative expense shall be barred from later submitting such claim and from receiving distributions for the payment of such claim under this Plan.

*F . Controlling Effect*. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Georgia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

Except as otherwise provided in the Plan or the order confirming the Plan, confirmation of the Plan discharges the Debtor from any debt that arose before the date of confirmation as provided in Section 1141(d).  Discharge in this case voids any judgment that is a determination of the liability of the Debtor, in accordance with Code Section 524(a)(1), and operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset in accordance with Code Section 524(a)(2)-(3).

## ARTICLE X
## OTHER PROVISIONS

The Provisions of this Plan of Reorganization satisfy the statutory requirements of a confirmable Plan.  The Debtor believes that confirmation of this Plan of Reorganization  is the most reasonable means for making a meaningful distribution to creditors of Green Oak Enterprises, LLC.  The Debtor urges all claimants to vote for the acceptance of this Plan of Reorganization.

Counsel for Debtor-in-Possession,


 */S/ Edward F. Danowitz, Jr.*
 Edward F. Danowitz, Jr.
GA Bar No. 003180
Edanowitz@danowitzlegal.com


/S/ *Karen L. Kropp*
Karen L. Kropp
GA Bar No. 429936
kkropp@danowitzlegal.com

**Danowitz & Associates, P.C.**
300 Galleria Parkway, Suite 960
Atlanta, Georgia 30339
770-933-0960

-11-

## CERTIFICATE OF SERVICE

I, Karen L. Kropp, certify that I am over 18 years of age, and that on October 10, 2013, I

served a copy of the foregoing *Debtor's First Amended Plan of Reorganization* by first class

United States Mail with adequate prepaid postage to the United States Trustee, parties in interest

and parties requesting notice at the addresses stated:

Vivieon E. Kelley, Esq.
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street
Atlanta, GA 30303

Jill Cremens, Managing Member
Green Oaks Enterprises, LLC.
1230 Castle Pointe Lane
Grayson, GA 30017

John D. Schlotter, Esq.
Counsel for Homeward Residential
Aldridge Connors, LLP
15 Piedmont Center
3575 Piedmont Rd Suite 500
Atlanta, GA 30305

Brandi Rainey Lesesne, Esq.
Counsel for JPMorgan Chase
Johnson & Freeman LLC
1587 Northeast Expressway
Atlanta, GA 30329

Drew K. Stutzman, Esq.
Ellis, Painter, Ratteree & Adams, LLP
P.O. Box 9946
Savannah, GA 31412

Richard B. Maner,Esq.
5775 Glenridge Drive
Building D, Suite 100
Atlanta, GA 30328

This 10th day of October, 2013.

*/S/Karen L. Kropp*
Karen L. Kropp
GA Bar No 429936

-12-